Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 201023-124420
DATE: July 30, 2021

ORDER

Entitlement to a disability rating of 40 percent, but no higher, for degenerative arthritis of the spine is granted.

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include depression and somatic symptom disorder, is remanded.

FINDING OF FACT

The Veteran's degenerative arthritis of the spine is manifested by forward flexion of 30 degrees or less.

CONCLUSION OF LAW

The criteria for entitlement to a disability rating of 40 percent, but no higher, for degenerative arthritis of the spine have been met. 38 U.S.C. §§ 1155, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.7, 4.10, 4.27, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5242.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1972 to August 1995.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO), which denied the Veteran a rating in excess of 20 percent for his service-connected degenerative arthritis of the spine. The rating decision also denied service connection for depression. The Board notes that the rating decision on appeal was issued in November 2019 and, thus, the modernized review system is applicable. 38 C.F.R. § 3.2400(a)(1).

In his October 2020 Decision Review Request, the Veteran requested the evidence submission lane. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal (i.e. November 19, 2019), as well as any evidence submitted by the Veteran or his/her representative with or within 90 days from receipt of the VA Form 10182 (i.e. October 23, 2020). 38 C.F.R. § 20.303.

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1.

Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

The Veteran contends that his degenerative arthritis of the spine is more severe than his 20 percent disability rating would indicate. The Board agrees.

When evaluating joint disabilities rated based on limitation of motion, VA must consider granting a higher rating in cases in which functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated, and those factors are not contemplated in the relevant rating criteria. See DeLuca v. Brown, 8 Vet. App. 202, 204-07 (1995); see also 38 C.F.R. §§ 4.40, 4.45, 4.59 (2018). The Court of Appeals for Veterans Claims (Court) clarified that although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, 25 Vet. App. 32, 42-43 (2011).

Instead, the Court in Mitchell explained that pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance, as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing. See 38 C.F.R. §§ 4.40, 4.45 (2018). Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors cited above. Thus, in evaluating the severity of a joint disability, VA must determine the overall functional impairment due to these factors.

Under 38 C.F.R. § 4.71a, all spinal disabilities are evaluated under the General Rating Formula for Diseases and Injuries of the Spine. Ultimately, the Veteran's disability rating will depend on which diagnostic code results in the higher evaluation.

The pertinent criteria under the General Rating Formula for Diseases and Injuries of the Spine are as follows:

Unfavorable ankylosis of the entire spine - 100 percent disabling.

Unfavorable ankylosis of the entire thoracolumbar spine - 50 percent disabling.

Forward flexion of the thoracolumbar spine 30 degrees or less; or, favorable ankylosis of the entire thoracolumbar spine - 40 percent disabling.

Forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine not greater than 120 degrees; or, muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis - 20 percent disabling.

For VA compensation purposes, normal forward flexion of the thoracolumbar spine is zero to 90 degrees, extension is zero to 30 degrees, left and right lateral flexion are zero to 30 degrees, and left and right lateral rotation are zero to 30 degrees. The normal combined range of motion of the thoracolumbar spine is 240 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal ranges of motion for each component of spinal motion provided in this note are the maximum that can be used for calculation of the combined range of motion. 38 C.F.R. § 4.71a, Diagnostic Codes 5235 to 5242, Note (2).

First, the Board notes that the Veteran does not have favorable or unfavorable ankylosis. See September 2019 VA examination report, October 2020 Disability Benefits Questionnaire (DBQ). 

In both examinations, the Veteran had endorsed increased functional loss during flare-ups. The VA examiner did not estimate any additional range of motion loss during flare-ups. Regardless, without any rationale, the omission of an estimation as to any additional range of motion loss during flare-ups renders the examination inadequate. See Sharp v. Shulkin, 29 Vet. App. 26, 35 (2017).

Within the appropriate evidentiary window, the Veteran submitted an October 2020 DBQ from a private practitioner that describes the Veteran's flare-ups during the appellate period. See October 2020 DBQ (noting that the Veteran's flare-ups have been consistent for several years). The Veteran contends that flare-ups "pretty much prevent[] any movement" and make it "nearly impossible to bend forward." See January 2021 Veteran's statement. The physician noted that the Veteran's degenerative arthritis of the spine was manifested by additional loss of range of motion during flare-ups. Id. His flare-ups occur daily and are severe. Id. He opined that during flare-ups, the Veteran's thoracolumbar spine is limited to 25 degrees in flexion. Id. 

After a review of the evidence of record, the Board finds that the Veteran's degenerative arthritis of the spine is manifested by forward flexion of 25 degrees. The VA examiner did not estimate the additional degrees of motion loss during flare-ups. The DBQ provided by the Veteran provided such an estimation. Moreover, as noted above, the Veteran's flare-ups and impairment were consistent throughout the appellate period to the present. The Board finds that the Veteran's thoracolumbar spine is limited to 30 degrees or less for the entire appeal period.

The Board finds that the 40 percent rating contemplates the Veteran's symptoms of pain, to include pain on weight bearing, repetitive use, and during flare-ups. The Veteran's degenerative arthritis of the spine is not manifested by ankylosis or a neurological abnormality. Thus, a higher rating than 40 percent under the provisions of 38 C.F.R. §§ 4.40, 4.45, 4.59, DeLuca, and Mitchell is not approximated in the Veteran's disability picture for the period on appeal.

Based upon the law of the United States Court of Appeals for Veterans Claims in Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007), the Board has also considered whether staged ratings are appropriate. Since, however, the Veteran's symptoms have remained constant throughout the appeal period, staged ratings are not warranted.

All potentially applicable Diagnostic Codes have been considered. See Schafrath v. Derwinski, 1 Vet. App. 589, 593 (1991). Therefore, the Board finds that the criteria for a disability rating of 40 percent, but no higher, for degenerative arthritis of the spine are met. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102.

REASONS FOR REMAND

In his August 2019 claim, the Veteran stated he was seeking service connection for depression secondary to his service-connected disabilities, to include musculoskeletal pain. Medical records include a diagnosis of somatic symptom disorder predominantly pain from musculoskeletal conditions. See November 2020 DBQ, January 2021 private medical records. The United States Court of Appeals for Veterans Claims has held that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record. Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). Thus, the Board has recharacterized the claim on appeal to entitlement to service connection for an acquired psychiatric disorder, to include depression and somatic symptom disorder.

Preliminarily, the Board notes that service connection for a mental disorder requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a). VA amended 38 C.F.R. § 4.125(a) to indicate that a diagnosis of a mental disorder must conform to the criteria set in the Diagnostic and Statistical Manual of Mental Disorders, 5th edition (DSM-5). See 38 C.F.R. § 4.125; 79 Fed. Reg. 45,093, 45,094-096 (Aug. 4, 2014); 80 Fed. Reg. 14,308 (Mar. 19, 2015) (final) (providing that for claims that were initially certified for appeal to the Board, the Court of Appeals for Veterans Claims (CAVC), or the U.S. Court of Appeals for the Federal Circuit prior to August 4, 2014, DSM-IV will apply. For all applications for benefits received by VA or pending before the AOJ on or after August 4, 2014, DSM-5 will apply). As this matter was brought before the Board from an October 2020 notice of disagreement, the DSM-5 applies.

The Veteran was afforded a VA examination in September 2019. The examiner noted that the Veteran did not have a diagnosed psychiatric disorder that conforms with the DSM-IV or DSM-5 criteria. See September 2019 VA examination report.

Within the appropriate evidentiary window, the Veteran submitted a DBQ from a private practitioner that diagnosed the Veteran with somatic symptom disorder primarily pain from musculoskeletal conditions. See November 2020 DBQ, January 2021 private medical records. The physician diagnosed the disorder after a review of the Veteran's claims file and an interview with the Veteran. Id. In making his diagnosis, the physician noted that it conformed with the DSM-IV criteria. Id. He also opined that the disorder was caused by the Veteran's service-connected musculoskeletal disabilities. Id.

Remand is warranted to correct a pre-decisional duty to assist error. In the August 2019 VA Form 21-526EZ, the Veteran indicated that he was claiming depression secondary to his service-connected disabilities. The evidence discussed in the September 2019 VA examination report focused on depression alone without any discussion of the physical pain the Veteran experiences as a result of his service-connected disabilities.

The matter is REMANDED for the following action:

1. Schedule the Veteran for an examination to determine the nature and etiology of any currently diagnosed acquired psychiatric disorders that conform with the DSM-5 criteria, to include depression and somatic symptom disorder. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner.

Following review of the record and examination of the Veteran, the examiner should identify any currently diagnosed acquired psychiatric disorders.

For each identified acquired psychiatric disorder, provide an opinion as to whether it is at least as likely as not that the psychiatric disorder was (a) caused or (b) aggravated by the Veteran's service-connected disabilities, to include associated pain?

The examiner is to discuss the November 2020 DBQ examination, January 2021 medical records, and the somatic symptom disorder diagnosis.

In rendering these opinions, the examiner is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, he or she must provide an explanation for such rejection. The examiner is not to improperly discount the Veteran's lay statements or mistakenly rely on an absence of medical evidence in the record to support his or her conclusions. 

A complete rationale for all opinions should be set forth. Separate opinions for causation and aggravation are required.

If an opinion cannot be provided without resorting to mere speculation, the examiner must provide a complete explanation for why an opinion cannot be rendered. In so doing, the examiner must explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

 

 

Rebecca N. Poulson

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Strickland

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.